UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELAYNEH NARAMO,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>    Defendants. | Case No. 25-cv-01009-AGT<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 11 |

  Defendants U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services (USCIS), Kristi Noem, Jennifer B. Higgins, and Emilia Bardini (collectively, Defendants) move for summary judgment. Dkt. 11. Finding this motion appropriate for disposition without oral argument, *see* Civil L.R. 7-1(b), the Court now grants the unopposed motion and vacates the hearing previously set for August 22, 2025.[1]

  Federal Rule of Civil Procedure 56 requires a court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Even where the motion for summary judgment is unopposed, as here, a court must "independently evaluate the sufficiency of the motion" and ensure the movant has "demonstrate[d] . . . entitlement to

---

[1] The deadline for plaintiff Belayneh Naramo's (Plaintiff) opposition or response was July 21, 2025. *See* dkts. 11 & 12. Defendants timely filed their reply on August 4, 2025. Dkt. 14. To date, Plaintiff has not responded to the motion on the Court's docket.

summary judgment." *Cristobal v. Siegel*, 26 F.3d 1488, 1491 (9th Cir. 1994). Only when the movant has shown they are entitled to summary judgment may a court grant the motion as unopposed. *See Heinemann v. Satterberg*, 731 F.3d 914, 918 (9th Cir. 2013).

Plaintiff here seeks mandamus relief to compel Defendants to adjudicate Plaintiff's asylum claim within a reasonable timeframe under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1101 *et seq*. *See* dkt. 1 ¶ 3, ¶¶ 25–30. Defendants argue that Plaintiff has no right to relief under the Mandamus Act. Dkt. 11 at 18–19.[2]

Mandamus is "an extraordinary remedy" only available if: "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (internal citation and quotations omitted).

8 U.S.C. § 1158(d)(5) sets out time limits for the adjudication of asylum applications.[3] However, § 1158(d)(7) states that, "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." Because the INA expressly precludes a private right of action, mandamus relief is foreclosed. *See, e.g.*, *Su v. Mayorkas*, 698 F. Supp. 3d 1168, 1176 (N.D. Cal. 2023) (citing cases); *Reyes Briseda v. Lehman*, No. 23-CV-00495, 2024 WL 2112864, at *3 (N.D. Cal. May 8, 2024) (same). Accordingly, Defendants are entitled to summary judgment on this claim.

---

[2] References to page numbers in this order correspond to the Electronic Case Filing numbers at the top of each page.
[3] Plaintiff seeks "adjudication of Plaintiff's asylum claim within a reasonable time" under the Mandamus Act. Dkt. 1 ¶ 27. Plaintiff does not specify the specific statutory grounds for Plaintiff's mandamus claim, but elsewhere cites to the INA's timing provisions. *See id.* ¶ 3. As such, the Court interpreted the allegations in Plaintiff's complaint reasonably in Plaintiff's favor and construes this as a claim under § 1158(d)(5).

Plaintiff also moves for relief under the Administrative Procedures Act (APA), 5 U.S.C. §§ 701 *et seq*. Dkt. 1 ¶ 3, ¶¶ 20–24. Defendants first contend in their motion that the APA does not provide the Court with an independent basis for subject matter jurisdiction. Dkt. 11 at 19 n.4.

While there is no private right of action under § 1158(d)(7), the APA still provides "limited judicial review for compelling agency action where the agency action is . . . unreasonably delayed." *Fang Yan v. Dir. of L.A. Asylum Off. for the U.S. Citizenship & Immigration Servs.*, No. 22-CV-05846, 2023 WL 4053410, at *2 (C.D. Cal. June 16, 2023) (internal citation and quotations omitted); *see also Vaz v. Neal*, 33 F. 4th 1131, 1135 (9th Cir. 2022) ("Under the APA, a court may 'compel agency action . . . unreasonably delayed.'") (quoting 5 U.S.C. § 706(1)). So, while Plaintiff cannot compel Defendants to act within the specific statutory time limits set out in § 1158(d)(5), Plaintiff can seek to compel Defendants to adjudicate Plaintiff's application within a reasonable time period. *See Su*, 698 F. Supp. 3d at 1175 (citing cases). The Court finds that it has jurisdiction to review Plaintiff's APA claim.

Whether Defendants' nearly four-year delay in adjudicating Plaintiff's application is unreasonable depends on an analysis of the factors announced in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) (*TRAC*). *See Vaz*, 33 F. 4th at 1137 (applying *TRAC* factors).

The first and most important factor is whether the timeliness of the agency's actions are governed by a "rule of reason." *TRAC*, 750 F.2d at 80. USCIS currently has a two-track system for scheduling asylum interviews. Dkt. 11 at 21. One track is last-in-first-out (LIFO) because USCIS determined that LIFO would discourage people from filing frivolous asylum claims solely to obtain employment authorization. *Id.* at 16; Lassen Decl. ¶ 30, dkt. 11-1.

3

USCIS has employed LIFO since 1995 and credits USCIS's significant decrease in pending asylum applications from 1995 to 2013 to LIFO. *See* Lassen Decl. ¶¶ 12–13, dkt. 11-1.

The other track is a backlog reduction effort, akin to first-in-first-out. Dkt. 11 at 16. USCIS assigns a portion of its asylum officers to focus solely on the oldest cases and work forwards from there. *Id.*; Lassen Decl. ¶¶ 31–32, dkt. 11-1. This dual-track system reflects a rule of reason that prioritizes deterring frivolous filings and managing the backlog. *See Kurt v. Mayorkas*, No. 24-CV-02792, 2024 WL 5161950, at *4 (N.D. Cal. Dec. 18, 2024). This first factor favors Defendants.

The second factor is whether Congress has "provided a timetable or other indication of the speed with which it expects the agency to proceed." *TRAC*, 750 F.2d at 80. Here, Congress specified that asylum interviews should be scheduled within forty-five days of the application being filed absent "exceptional circumstances." 8 U.S.C. § 1158(d)(5)(A)(ii). This provision leaves USCIS with "limited discretion as to the timing of the adjudication of asylum applications under exceptional circumstances." *Su*, 698 F. Supp. 3d at 1177 (internal citation and quotations omitted).

Defendants argue that exceptional circumstances have resulted in the current backlog of asylum applications. Dkt. 11 at 23–24; *see also* Lassen Decl. ¶ 34, dkt. 11-1 (noting an affirmative asylum backlog of over one million applications, driven by substantial increases in application in recent years). As such, "this factor is neutral or, at best, slightly favors the applicant." *Kurt*, 2024 WL 5161950, at *4 (internal citation and quotations omitted).

The third and fifth factors concern the extent to which "human health and welfare are at stake" and the "nature and extent of the interests prejudiced by the delay," respectively. *TRAC*, 750 F.2d at 80. They are routinely analyzed together. *See, e.g.*, *Su*, 698 F. Supp. 3d

4

at 1178.

Plaintiff's welfare is at stake: Plaintiff's path to permanent residency and citizenship is impeded. Dkt. 1 ¶ 19. Plaintiff is precluded from career opportunities accessible only to those with lawful permanent resident status and from financial aid available to asylees. *Id.* Plaintiff's ability to enter and exit the United States and to petition for family members to enter are both limited. *Id.* Finally, Plaintiff suffers from fear of a return to Plaintiff's home country. *Id.*

However, courts typically find that the third and fifth factors favor defendants where the hardships a plaintiff faces are "likewise faced by all asylum applications in similar positions." *Su*, 698 F. Supp. 3d at 1178 (quoting *Yan*, 2023 WL 4053410 at *5). Additionally, though Plaintiff is worse off than if Plaintiff's application were adjudicated and granted, Plaintiff is better off than if Plaintiff's application were adjudicated and denied. *See Varol v. Radel*, 420 F. Supp. 3d 1089, 1097 (S.D. Cal. 2019) ("[T]he Court notes Plaintiff continues to reside in the United States pending the processing of her application and is authorized to work pursuant to 8 U.S.C. § 1158(d)(2)."). While the Court acknowledges the difficulties faced by Plaintiff, Plaintiff's situation is indistinguishable from cases in which courts have found these factors to favor the defendants. *See Su*, 698 F. Supp. 3d at 1178 (collecting cases).

The fourth factor is the "effect of expediting delayed action on agency activities of a higher or competing priority." *TRAC*, 750 F.2d at 80. If this Court were to order Defendants to expedite Plaintiff's asylum application, the order would move Plaintiff "to the front of the line at the expense of all other applicants," producing "no net gain." *Su*, 698 F. Supp. 3d at 1178 (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100

(D.C. Cir. 2003)). In such a circumstance, courts in the Ninth Circuit have declined to grant relief. *See Kurt*, 2024 WL 5161950, at *4 (declining relief); *Reyes Briseda*, 2024 WL 2112864, at *7 (same). This factor weighs in favor of Defendants.

Finally, the sixth factor, whether there are any "improprieties behind agency lassitude," *TRAC*, 750 F.2d at 80, is not relevant here. There is no evidence of any improprieties, nor does Plaintiff allege any.

Four *TRAC* factors — including the most important "rule of reason" factor — favor Defendants. Two are neutral. The Court appreciates the hardships imposed on Plaintiff due to USCIS's delay in adjudicating Plaintiff's asylum application. However, fairly weighing the *TRAC* factors demonstrates that judicial intervention would not be an effective response: "[t]he asylum backlog is principally a matter for Congress to confront." *Esquivel v. Lehman*, No. 23-CV-02930, 2024 WL 2242441, at *1 (N.D. Cal. Apr. 16, 2024).

The Court grants Defendants' motion for summary judgment as to all claims.

**IT IS SO ORDERED.**

Dated: August 6, 2025

Alex G. Tse
United States Magistrate Judge